THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRET SPENCER,

          Plaintiff,

    v.

MELANIE MEYER, *et al.*,

          Defendants.

CASE NO. C25-0043-JCC

ORDER

This matter comes before the Court *sua sponte*, following a series of extensions to the Rule 4(m) service deadline which the Court provided to Plaintiff.

On January 7, 2025, Plaintiff filed his initial complaint in this matter. (Dkt. No. 4.) On February 29, 2025, at Plaintiff's request, the Court extended the Rule 4(m)[1] deadline to serve the complaint by 30 days. (*See* Dkt. No. 10 at 1); Fed. R. Civ. P. 4. Plaintiff did not serve any of the defendants within this extended time period. Nevertheless, the Court granted Plaintiff's request to further extend the Rule 4(m) deadline, this time to May 30, 2025. (*See* Dkt. No. 13 at 1.) In

---

[1] The rule provides that if a defendant "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, then the court must extend the time for service for an appropriate period. *Id.* The burden of establishing good cause is on the plaintiff. *Tucker v. City of Santa Monica*, 2013 WL 653996, slip op. at 2 (C.D. Cal. 2013).

ORDER
C25-0043-JCC
PAGE - 1

doing so, the Court cautioned Plaintiff that "it is unlikely to grant a further extension" and, absent the demonstration of service within this time period, it would dismiss Plaintiff's claims without prejudice for failure to timely prosecute. (*Id.*) (citing, *e.g.*, *N.W. Laborers Employers Health & Sec. Tr. v. Pro Clean NW LLC*, 2024 WL 5075179, slip op. at 1 (W.D. Wash. 2024)).

Despite this, Plaintiff again moved for an additional 30-day extension to complete service, along with a request to proceed under a pseudonym. (*See* Dkt. No. 24 at 1–2.)[2] To date, Plaintiff has not served any defendant in this matter, despite the Court's clear direction that it would not afford Plaintiff more time to do so (beyond the extensions already provided). Instead, Plaintiff submitted numerous filings expanding upon his factual allegations. (*See* Dkt. Nos. 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 27. 28, 29, 30, 31, 32, 33.) But none provide good cause for the Court to grant a third extension to complete service. Nor does the most recent request for a further extension of time provide good cause. (*See generally* Dkt. No. 24.)

Thus, the Court DISMISSES Plaintiff's complaint. Because the dismissal is without prejudice, Plaintiff is not foreclosed from seeking relief through a future complaint, making similar allegations.[3] But Plaintiff must do so through another case and must pay a new filing fee.

//
//
//
//

---

[2] Plaintiff argued for additional time to anonymize his complaint before serving Defendants. (Dkt. Nos. 20 at 1–2, 24 at 2.) "A party may proceed under a pseudonym 'in the unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Bielarus1 v. Mayorkas*, 2025 WL 104387, slip op. at 1 (W.D. Wash. 2025) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th. Cir. 2020). Plaintiff has not demonstrated that protecting his identity is necessary for this case, (*see generally* Dkt. No. 20), nor is it a sufficient reason to further extend the service deadline.

[3] Such a complaint must comply with all procedural rules, including Federal Rule of Civil Procedure 8.

1 | DATED this 10th day of June 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE